
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WINGS TO GO, INC. | : | |
| | : | |
| v. | : | Civil No. CCB-15-2556 |
| | : | |
| WADE REYNOLDS, et al. | : | |

**MEMORANDUM**

Wings to Go, Inc., a Delaware corporation with its principal place of business in Maryland, filed this action against Coaches Enterprise, LLC ("Coaches Enterprise"), Wade Reynolds, Michael Harrison, and Bulldog Enterprises, LLC ("Bulldog"), alleging a variety of claims under contract and tort law.  Relevant here, the plaintiff alleges Bulldog violated the Lanham Act and common law prohibitions on trademark infringement and unfair competition, tortiously interfered with existing business relations, and engaged in a civil conspiracy to violate a franchise agreement and induce the other defendants to breach that contract.  (Am. Compl. ¶¶ 61–101, ECF No. 9).  Initially, all defendants filed a motion to dismiss for lack of personal jurisdiction and improper venue.  (Mot. Dismiss, ECF No. 3).  After the amended complaint was filed, Reynolds, Harrison, and Coaches Enterprise filed an answer and counterclaim. (Answer, ECF No. 10; Am. Countercl., ECF No. 21).  Bulldog renewed its motion to dismiss, challenging this court's personal jurisdiction on the grounds that it is a non-resident corporate entity that has never transacted business in Maryland.  (Mot. Dismiss, ECF No. 12).  The court finds oral

argument unnecessary to resolve the issues.  *See* Local R. 105.6 (D. Md. 2014).  For the reasons that follow, Bulldog's motion to dismiss will be denied without prejudice.[1]

## BACKGROUND

Coaches Enterprise, LLC, is a limited liability company based in Arkansas. Its managing members are the individual defendants, Wade Reynolds and Michael Harrison.  (Am. Compl., Ex. A, Franchise Agreement, ECF No. 9-1 at 61–62).  Bulldog Enterprises, LLC, is a limited liability company also based in Arkansas.  (Mot. Dismiss, Reynolds Aff. ¶ 6, ECF No. 12-2). Wade Reynolds is the sole member of Bulldog Enterprises, LLC.  *Id.* ¶ 5.

Coaches Enterprise entered into a franchise agreement with the plaintiff, Wings to Go, Inc., on or about June 29, 2010, with the intent of operating a Wings to Go franchise in White Hall, Arkansas. (Franchise Agreement 1, ECF No. 9-1).  Wade Reynolds and Michael Harrison were guarantors to the franchise agreement. (Franchise Agreement, ECF No. 9-1 at 61–62). The plaintiff alleges the defendants operated the Wings to Go franchise from June 2010 until its sale on or about June 16, 2015, to Bulldog.  (Am. Compl. ¶¶ 1–5, ECF No. 9).  After the sale, Bulldog allegedly removed the Wings-to-Go name from the restaurant and began advertising and operating a substantially similar restaurant under the name "Coach's."  Coaches Enterprise, Harrison, and Reynolds individually do not challenge this court's jurisdiction.

---

[1] The conspiracy theory through which the court finds personal jurisdiction was not explicitly addressed by either party in the briefings, although the plaintiff did cite *Mackey v. Compass Marketing, Inc.*, 391 Md. 117 (2006), and refer to a conspiracy between Bulldog and the other defendants.  Further, information uncovered in discovery may undermine the rationale supporting this court's jurisdiction. Accordingly, Bulldog's challenge to personal jurisdiction may be raised again, if appropriate, at a future date.

## ANALYSIS

### I. Standard of Review

A challenge to personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) "is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). Where a defendant moves to dismiss for lack of personal jurisdiction based only on the motion, memoranda, and the complaint, the plaintiff need only make a "prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009). "[T]he court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'" *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).

### II. Personal Jurisdiction: Conspiracy Theory of Jurisdiction

"A federal court sitting in diversity has personal jurisdiction over a non-resident defendant if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). Maryland courts have consistently held that Maryland's long-arm statute is coextensive with the scope of jurisdiction permitted by the Fourteenth Amendment's due process requirements, *see Carefirst*, 334 F.3d at 396; however, a court must first assess whether a defendant is covered by the long arm statute before turning to its due process analysis. *See Fid. Nat. Title Ins. Co. v. M & R Title, Inc.*, 21 F. Supp. 3d 507, 511 (D.

Md. 2014). Applying the conspiracy theory of personal jurisdiction in the instant case, this court's jurisdiction over Bulldog satisfies both requirements.

### A. Long Arm Statute

Maryland courts recognize the conspiracy theory of personal jurisdiction. *See Mackey v. Compass Mktg., Inc.*, 391 Md. 117, 129 (2006). Under the conspiracy theory of personal jurisdiction, the state's long-arm statute is satisfied for all members of a conspiracy when:

> (1) two or more individuals conspire to do something
> (2) that they could reasonably expect to lead to consequences in a particular forum, if
> (3) one co-conspirator commits overt acts in furtherance of the conspiracy, and
> (4) those acts are of a type which, if committed by a non-resident, would subject the non-resident to personal jurisdiction under the long-arm statute of the forum state, then those overt acts are attributable to the other co-conspirators, who thus become subject to personal jurisdiction in the forum, even if they have no direct contacts with the forum.

*Id.* (quoting *Cawley v. Bloch*, 544 F. Supp. 133, 135 (D. Md. 1982)). Simply put, a court may exercise jurisdiction over nonresidents involved in a conspiracy when a co-conspirator performs jurisdictionally sufficient acts in furtherance of the conspiracy. *Id.* at 131.

In order for the court to engage in the jurisdictional analysis, the plaintiff must state a prima facie claim of civil conspiracy. In Maryland, a civil conspiracy is "a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or means employed must result in damages to the plaintiff." *Hill v. Brush Engineered Materials, Inc.*, 383 F. Supp. 2d 814, 821 (D. Md. 2005) (quoting *BEP, Inc. v. Atkinson*, 174 F. Supp. 2d 400, 408 (D. Md. 2001)).

Turning to the present case, the plaintiff has stated a prima facie claim of civil conspiracy. The plaintiff plainly and plausibly alleged that Bulldog, Harrison, and Reynolds

knowingly entered into an unlawful agreement to induce Coaches Enterprise to breach the franchise agreement through, *inter alia*, reduced and stopped royalty payments, unauthorized or unapproved use of the plaintiff's intellectual property rights, and conversion of the Wings to Go franchise to a substantially similar restaurant operating under the name "Coach's." The plaintiff alleges that these actions, constituting a breach of the agreement, caused it direct and ongoing financial and reputational harm. These allegations establish a prima facie case of civil conspiracy under Maryland law[2] and satisfy the first three prongs of the conspiracy theory jurisdictional test. *Mackey*, 391 Md. at 129.

This leaves only the fourth prong of the conspiracy theory analysis: whether these overt acts were sufficient to extend this court's personal jurisdiction over Harrison. *See id.* Maryland's long-arm statute provides, *inter alia*, that a defendant is subject to personal jurisdiction in this state if he "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State." Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(4).

As discussed above, Harrison's alleged actions pertaining to royalty payments, intellectual property, and violation of the terms of the franchise agreement, caused tortious injury in Maryland. The actions were, by their very nature, intertwined with the ongoing business

---

[2] Although there is an overlap in the membership/ownership of Bulldog and Coaches Enterprise, the "intracorporate conspiracy doctrine" does not apply to the instant case. The doctrine "holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. In essence, this means that a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Baltimore-Washington Tel. Co. v. Hot Leads Co., LLC*, 584 F. Supp. 2d 736, 744 (D. Md. 2008). That Michael Harrison is neither an owner nor member of Bulldog establishes, at minimum, the two separate actors necessary to constitute a conspiracy.

relationship between Coaches Enterprise, the individual defendants, and the plaintiff. That is, Harrison was engaged in a "persistent course of conduct in [Maryland],"[3] and his overt acts in furtherance of the conspiracy were part of that persistent course of conduct. Accordingly, Harrison's actions bring him under the ambit of § 6-103(b)(4) and satisfy the fourth prong of the conspiracy theory test for personal jurisdiction.

Because the conspiracy theory test is satisfied, the court imputes Harrison's jurisdictional contacts to Bulldog as a co-conspirator.[4] *See Compass Mktg., Inc. v. Schering-Plough Corp.*, 438 F. Supp. 2d 592, 595 (D. Md. 2006) ("[T]he Court of Appeals [in *Mackey*] makes it clear that jurisdictional contacts are imputable.") Accordingly, the Maryland long-arm statute, § 6-104(b)(4), is satisfied as to Bulldog.

**B. Due Process**

With the long-arm statute satisfied, the court must analyze whether exercising personal jurisdiction over Bulldog comports with the constitution's due process requirements. "The pertinent question in this analysis is whether, under the conspiracy theory of personal jurisdiction, a potential conspirator has fair warning that his participation could subject him to the jurisdiction of a foreign forum." *Compass Mktg.*, 438 F. Supp. 2d at 596 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980)). "[T]his question is answered by the very nature of a conspiracy theory." *Id.* Under the conspiracy theory of personal jurisdiction, a

---

[3] Indeed, Harrison, Reynolds, and Coaches Enterprise appear to concede, by not renewing their challenge to this court's jurisdiction, that their ongoing business relationship with the plaintiff's headquarters subjects them to this court's personal jurisdiction.

[4] Here, as with the alleged conduct in *Compass Marketing*, the defendants' actions causing tortious injury in Maryland were intertwined with their jurisdictional contacts. *Compass Mktg.*, 438 F. Supp. 2d at 595. Accordingly, the court need not address the unanswered question of whether jurisdictional contacts could be imputed to a co-conspirator when the persistent course of conduct (or other comparable ongoing business relationship under §6-103(b)(4)) is distinct from the tortious conduct constituting the overt act in furtherance of the conspiracy.

co-conspirator can only be held liable in a particular forum if he *reasonably expected* at the time of entering the conspiracy that the other co-conspirator would act in a manner sufficient to subject herself to personal jurisdiction in that forum. *Mackey*, 391 Md. at 134.

Looking to the instant case, Bulldog reasonably expected Harrison to take actions that would subject him to personal jurisdiction in Maryland. Harrison was a signatory to the franchise agreement and a participant in the ongoing business relationship with the plaintiff. Bulldog's sole member, Reynolds, was also a signatory to the franchise agreement and a participant in the ongoing business relationship with the plaintiff. Any actions taken by Harrison to breach that agreement were foreseeably linked to Maryland. Accordingly, this court may exercise personal jurisdiction over Bulldog without offending due process.[5]

## CONCLUSION

As discussed above, on the present record, it appears this court has personal jurisdiction over Bulldog Enterprises, LLC, pursuant to the conspiracy theory of personal jurisdiction. Accordingly, Bulldog's motion to dismiss for lack of personal jurisdiction will be denied without prejudice.

A separate order follows.

   1/8/16                                                      /S/
Date                                                         Catherine C. Blake
                                                               United States District Judge

---

[5] The court notes, but does not decide, that the "continuity of entity" exception to the rule against successor liability also may apply to Bulldog and subject it to this court's personal jurisdiction. *See EHA Consulting Grp., Inc. v. Hardin & Assocs., P.C.*, Civil No. RDB-09-2859, 2010 WL 1137514, at *3 (D. Md. Mar. 19, 2010).